PAGE 5 MISSING
FILED - KZ
March 16, 2010 2:24 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
___BLP_____/_____

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

LISA L. MALIK,
JASON M. MALIK

    Plaintiffs,

~v~

**1:10-cv-264**
**Gordon J Quist**
**U.S. District Judge**

BUREAU OF COLLECTION
RECOVERY, LLC.

    Defendant.

_____/

LISA L. MALIK
JASON M. MALIK
Acting in Pro Se
1402 Friendly Ave.
Portage, MI 49002
616-371-2203
Lmalik1171@gmail.com

_____/

## PLAINTIFFS' INITIAL COMPLAINT

*NOW COMES, Plaintiffs' Lisa L. Malik and Jason M. Malik and for their Initial Complaint state as follows:*

### PARTIES

1. Plaintiff Lisa L. Malik resides in Portage, MI.

2. Plaintiff Jason M. Malik resides in Portage, MI.

3. Defendant Bureau of Collection Recovery, LLC is a Minnesota Limited Liability Company, doing business in Michigan with its registered agent, The Corporation

Company, which maintains an address at 30600 Telegraph Road, Bingham Farms, MI 48025.

## GENERAL ALLEGATIONS

4. Plaintiff Lisa L. Malik ("Mrs. Malik") is a "consumer" and/or "person" as defined by the Fair Debt Collection Practices Act ("FDCPA"), codified at 15 U.S.C. § 1692 *et seq.*

5. Plaintiff Jason M. Malik ("Mr. Malik") is a "consumer" and/or "person" as defined by the Fair Debt Collection Practices Act ("FDCPA"), codified at 15 U.S.C. § 1692 *et seq.*

6. Plaintiff Mrs. Malik is a "debtor" and/or "person" as defined by the Michigan Occupational Code ("MOC"), codified at MCL § 339.901 *et seq.*

7. Plaintiff Mr. Malik is a "person" as defined by the Michigan Occupational Code ("MOC"), codified at MCL § 339.901 *et seq.*

8. Defendant Bureau of Collection Recovery, LLC ("BCR") is a "debt collector" under the FDCPA codified at 15 U.S.C. § 1692 *et seq.*

9. Defendant BCR is a "collection agency" as defined under the Michigan Occupational Code codified at MCL § 339.901 *et seq.*

## JURISDICTION

10. This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction under plaintiffs' State Law claims. Venue in this Judicial District is proper as the pertinent actions took place here.

## FACTS

11. Plaintiff Mrs. Malik opened an account with non party AT&T Mobility, LLC ("AT&T") in or around January 2009.

12. Mrs. Malik defaulted on the AT&T account on or around May 2009, and disputed the alleged balance directly with AT&T in June 2009.

13. Upon information and belief AT&T charged off the balance on the alleged account in July 2009 and sent the alleged debt to non party Collection Company of America ("CCA") on July 07, 2009.

14. On July 07, 2009 CCA obtained Mrs. Malik's Experian credit report.

15. Around October 2009 Mrs. Malik obtained her credit reports from the three major credit reporting agencies.

16. With regards to paragraph #15 Defendant BCR was reporting an account allegedly due and owing to AT&T, the same account as CCA was collecting on and reporting. Upon information and belief, said account was reporting to the credit reporting agencies, as due and owing with a balance of $1,119.00 and had been reported since August 2009.

17. On October 26, 2009 Mr. Malik telephoned BCR and spoke with an employee at extension 4406. Mr. Malik disputed the debt, informed the BCR employee CCA was reporting and attempting to collect on this alleged debt as well. Mr. Malik asked the BCR employee who was the entity legally authorized by AT&T to collect, to which the BCR employee stated BCR was the only one authorized to collect on the account and report.

18. With regards to paragraph #17 above, the BCR employee stated to Mr. Malik that the time to dispute the debt has passed since it was not within the initial 30 days. Mr. Malik informed the BCR employee that this was the first Mrs. Malik or he had even known of the alleged debt and had never received anything from BCR. The BCR employee also

stated to Mr. Malik that he would have to communicate directly with AT&T if he wanted validation of the debt. Mr. Malik ended the call with the BCR employee.

19. On October 26, 2009 Mr. Malik called CCA and inquired about the debt. An employee of CCA whom with Mr. Malik spoke with stated that AT&T sold the account to CCA on or around the end of June 2009 and they were the only ones who were legally allowed to collect on it. The CCA employee suggested Mr. Malik telephone AT&T directly and gave Mr. Malik a phone number to AT&T and an account number.

20. On October 26, 2009 Mr. Malik telephoned AT&T and spoke with an employee who stated to Mr. Malik that CCA was the only company who could collect on the alleged account that AT&T had never assigned, transferred or sold the account to BCR and to deal directly with CCA.

21. On October 27, 2009 Mr. Malik telephoned AT&T again, to make sure who the appropriate entity to collect the alleged account was. The employee of AT&T stated clearly that CCA was the only company legally allowed to collect on the alleged account, and that AT&T has sold and/or assigned the account to CCA on or around late June 2009.

22. On October 27, 2009, after the call to AT&T, Mr. Malik telephoned BCR again and spoke with the same employee at extension 4406. Mr. Malik informed the employee of BCR what was stated by CCA and AT&T and demanded that BCR cease all collection activity cease and that BCR delete the illegal trade lines from Mrs. Malik's credit reports.

23. With regards to paragraph #22 the BCR employee stated to Mr. Malik that BCR had the rights to collect, he attempted to coerce payment out of Mr. Malik when told once again that the debt was disputed and validation requested if BCR could legally collect. Mr. Malik also offered to do a three way call between the employee of BCR as well as AT&T

## CLAIMS FOR RELIEF

### COUNT I ~ VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiffs incorporate the above paragraphs by reference.

35. Defendant has violated the FDCPA, said violations include but are not limited to:

   A) Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse in the connection with the attempts to collect on a debt;

   B) Defendant violated 15 U.S.C. § 1692e by using deceptive, false and misleading means in connection with the collection or attempted collection of a debt;

   C) Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt, and;

   D) Defendant violated 15 U.S.C. § 1692g by failing to provide the required validation notice within 5 days of the initial communication, and by continuing collection efforts without providing validation to Mrs. Malik even though Mrs. Malik requested it multiple times.

### COUNT II ~ VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

36. Plaintiffs incorporate the above paragraphs by reference.

37. Defendant violated the MOC, said violations include but are not limited to:

   A) Defendant violated M.C.L § 339.915(e) by making an inaccurate, untrue, and/or deceptive statement or claim in the communication to collect a debt;

   B) Defendant violated M.C.L. § 339.915(g) by communicating with a debtor without accurately disclosing the callers identity.

### TRIAL BY JURY

38. Plaintiffs hereby demand a trial by jury.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant them, statutory damages, actual damages, costs and fees associated with the case and any other relief this Honorable Court deems just and proper.

Respectfully Submitted

Lisa L. Malik Plaintiff, Pro Se
1402 Friendly Ave.
Portage, MI 49002
616-371-2203
Lmalik1171@gmail.com

Respectfully Submitted

Jason M. Malik Plaintiff, Pro Se
1402 Friendly Ave.
Portage, MI 49002
616-371-2203
Jmalik.prose@gmail.com